El Pueblo, Demandante y Apelado, *v.* Rivera, Acusado y Apelante.

Apelación procedente de la Corte de Distrito de Ponce en causa por adulterio.

No. 1253.—Resuelto en abril 11, 1918.

Adulterio—Acusación Contra Ambos Adúlteros.—El que sea necesario que existan dos personas que concurran en el acto carnal para que pueda perpetrarse· el delito de adulterio, no implica la necesidad de formular acusación contra ambas para que una de ellas pueda ser castigada.

Id.—Identidad del Acusado.—Habiendo sido el apelante en este caso acusado bajo el nombre de Angel Antonio Rivera y habiendo presentado el Fiscal y admitido la corte un documento auténtico creditivo del matrimonio de Angel

Antonio Rivera para probar tal acto, existe la presunción (art. 102, apartado 25, Ley de Evidencia, Compilación 1911, p. 311), no destruída por el acusado, de que el Angel Antonio Rivera de la acusación y el del acta de matrimonio son una misma persona.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. José Ramón Freyre.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

Se trata de un delito de adulterio. La denuncia fué presentada originalmente en la Corte Municipal de Ponce por el Fiscal del distrito y en ella se imputó a Angel Antonio Rivera, casado, la comisión de un delito de adulterio consistente en haber tenido comercio carnal en el hotel "Hogar" de la ciudad de Ponce, con la joven soltera Amelia Martí, que no era su esposa. El acusado fué condenado en la corte municipal. Apeló para ante la de distrito y, celebrado el juicio de nuevo, fué de igual modo condenado, recurriendo entonces para ante este Tribunal Supremo.

El apelante señala en su alegato la comisión de tres errores, que analizaremos en el mismo orden en que han sido presentados.

1. *La corte de distrito erró al desestimar la excepción perentoria del acusado.* Sostiene éste que la denuncia no revela la comisión del delito de adulterio porque para que tal delito exista es necesario que haya dos personas culpables y en este caso sólo se ha exigido responsabilidad criminal a una. Convenimos en que es necesario que existan dos personas que concurran en el acto carnal para que pueda perpetrarse el delito de adulterio, pero ello no implica la necesidad de formular acusación contra ambas para que una de ellas pueda ser castigada.

2. *La corte actuó sin jurisdicción.* Alega el apelante que de haberse cometido el delito, la prueba demostró que se había perpetrado en Lajas y no en Ponce y que, por tanto, de acuerdo con el artículo 8 del Código de Enjuiciamiento

Criminal, la corte que tenía jurisdicción era la de Mayagüez y no la de Ponce.

La única evidencia introducida que hace referencia a que el hecho delictivo se perpetrara en el territorio de la Corte de Distrito de Mayagüez y no en el de la de Ponce, fué la manifestación hecha por el acusado al juez municipal de Ponce con respecto a que el comercio carnal lo tuvo con la joven Martí en San Germán y no en Ponce, pero esa manifestación está contradicha por la terminante afirmación de Amelia Martí y por la otra prueba que analizaremos al estudiar el último de los errores señalados. En tal virtud no puede sostenerse que la corte actuara sin jurisdicción.

3. *La prueba de cargo es insuficiente.* En el acto de la vista insistió el apelante por medio de su abogado en que no se demostró que el acusado fuera la misma persona a que se refería la certificación de matrimonio presentada por el Fiscal. La primera evidencia introducida por la acusación en el juicio fué la ''certificación del Secretario Municipal y encargado del Registro Civil de Lajas, P. R., don José A Morales, de 24 de agosto de 1917, no objetada por la defensa en cuanto a lo que la propia certificación de matrimonio pueda probar y admitida por la corte, marcada *Exhibit A* del Pueblo de Puerto Rico, para demostrar el matrimonio del acusado Antonio Rivera con Providencia Flores, y cuya certificación dice como sigue * * *.'' Nada más aparece de los autos. Ninguna excepción se consignó con respecto a este extremo en el pliego preparado por el mismo acusado. Bajo tales circunstancias, habiendo sido el apelante acusado bajo el nombre de Angel Antonio Rivera y habiendo presentado el Fiscal y admitido la corte el documento auténtico de que se trata creditivo del matrimonio de Angel Antonio Rivera para probar tal acto, existe la presunción (Art. 102, apartado 25, Ley Evidencia, Comp. 1911, p. 311), no destruída por el acusado, de que el Angel Antonio Rivera de la acusación y el del acta de matrimonio son una misma persona. (Véase 19 R. C. L. 1332.) La limitación con que al parecer

estuvo conforme la defensa en admitir el documento, no fué clara, ni franca, ni puede considerarse ahora suficiente para sostener que el documento no es prueba del matrimonio del acusado.

Sostiene además el acusado que la prueba es insuficiente por que la declaración de Amelia Martí, su cómplice, no está, según él, corroborada en sus extremos esenciales.

La prueba demuestra que el acusado viajaba por un barrio de Lajas en un automóvil y se encontró con Amelia Martí que paseaba con Joaquín Barros y Carmen Luisa Torres, novios que iban a contraer matrimonio. Que el acusado los invitó a dar un paseo. Que aceptaron y llegaron hasta Ponce. Dice Amelia Martí que cuando ella se dió cuenta de que iba demasiado lejos, se asustó y comenzó a llorar, pero que los otros la convencieron de que nada malo le ocurriría. Este hecho lo niega Barros. Sigue diciendo Amelia Martí que al llegar a Ponce fueron al hotel ''Hogar'' y Carmen Luisa le dijo que como se iba a casar dormiría con su marido, que ella durmiera con el acusado. Que así lo hizo, perdiendo allí su virginidad. Barros contradice lo dicho por Amelia Martí y asegura que las dos mujeres durmieron en un cuarto y los dos hombres en otro, aunque admite que los cuartos podían comunicarse interiormente. Amelia Martí aseguró que perdió su virginidad con el acusado y en efecto fué reconocida por el doctor Lassise días después quien encontró que la joven había sido desflorada recientemente. Ya conocemos la admisión del acusado por medio de la declaración del juez municipal a que nos referimos al examinar el segundo de los errores. señalados.

Siendo ese, a grandes rasgos, el resultado de la prueba, es bien claro que no puede sostenerse que el testimonio de Amelia Martí esté falto de corroboración. A través de las páginas del proceso surge la figura de esa pobre joven de diez y ocho años de edad, como la de una mujer debil para defender su honor, que cede fácilmente a los halagos de un paseo en automóvil, de la vista de una ciudad y de las liber-

tades de un hotel; que se excita ante el espectáculo de dos novios poco escrupulosos presenciado de cerca por varias horas y sintiendo al lado al propio tiempo el influjo de un hombre sin conciencia al cual termina por entregar, rendida y miserable, su virginidad, en las sombras de la noche.

El hecho es grave. No está la mujer, como hemos visto, exenta de culpa. Pero si su figura surge del proceso como la de una mujer débil que no supo defender su honor de la manera firme y decidida que la moral y la ley le exigían de consuno, la del acusado aparece como la del criminal que por satisfacer sus apetitos carnales falta a la fidelidad que debe a su esposa y destruye el honor de una pobre campesina.

Bajo tales circunstancias es necesario concluir que el acusado fué debidamente declarado culpable. El único reparo que puede ponerse, en verdad, a la sentencia, es el de haber sido demasiado benigna, ya que se limitó a imponer una pena de multa, cuando debió haber impuesto además un castigo de prisión.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.